# United States Court of Appeals for the Federal Circuit

---

**IN RE EMC CORPORATION, DECHO CORPORATION, AND IOMEGA CORPORATION,**
*Petitioners.*

---

Miscellaneous Docket No. 100

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 10-CV-435, Judge Michael H. Schneider.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

CHRIS R. OTTENWELLER, Orrick, Herrington & Sutcliffe LLP, of Menlo Park, California, for petitioners. With him on the petition were I. NEEL CHATTERJEE and DEREK F. KNERR; and MARK S. DAVIES, RACHEL M. MCKENZIE and KATHERINE M. KOPP, of Washington, DC. Of counsel on the petition were PAUL T. DACIER, KRISHNENDU GUPTA and WILLIAM R. CLARK, EMC Corporation, of Hopkinton, Massachusetts.

MATTHEW B. LOWRIE, Foley & Lardner LLP, of Boston, Massachusetts, for Carbonite, Inc. With him on the brief were KEVIN M. LITTMAN; and GEORGE C. BECK, of Washington, DC.

BRIAN W. LACORTE, Ballard Spahr LLP, of Phoenix, Arizona, for GoDaddy.com, Inc.

SHAMITA D. ETIENNE-CUMMINGS, White & Case LLP, of Washington, DC, for Iron Mountain Incorporated, et al. With her on the brief was BIJAL V. VAKIL, of Palo Alto, California.

FREDERICK S. BERRETTA, Knobbe, Martens, Olson & Bear, LLP, of San Diego, California, for Pro Softnet Corporation.

JOHN M. DESMARAIS, Desmarais LLP, of New York, New York, for respondent Oasis Research, LLC. With him on the response were ALAN S. KELLMAN and TAMIR PACKIN.

MATTHEW D. MCGIL, Gibson, Dunn & Crutcher LLP, of Washington, DC, for amici curiae Cisco Systems, Inc. et al. With him on the brief was JOHN F. BASH. Also on the brief was ELIZABETH ROGERS BRANNEN, Oracle Legal, of Redwood Shores, California, for amicus curiae Oracle Corporation.

———————————————

Before RADER, *Chief Judge*, DYK and MOORE, *Circuit Judges.*

DYK, *Circuit Judge.*

## ORDER

Petitioners EMC Corp., Decho Corp., and Iomega Corp. (collectively, "EMC") seek a writ of mandamus to direct the United States District Court for the Eastern District of Texas to sever and transfer the claims against them to the United States District Court for the District of Utah. Petitioners Carbonite Inc. ("Carbonite"), Iron

Mountain Inc. and Iron Mountain Information Management, Inc. (collectively, "Iron Mountain"), GoDaddy.com, Inc. ("GoDaddy"), and Pro Softnet Corp. ("Pro Softnet") join in EMC's petition, seeking to have the claims against them severed and transferred to federal district courts in Massachusetts, Arizona, and California. We grant the petition in part and direct the district court to determine whether the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a), under the correct legal standard.

I

Petitioners are eight of eighteen companies named as defendants in a single complaint filed by Oasis Research LLC ("Oasis") in the Eastern District of Texas. Oasis asserted the method claims from four patents, U.S. Patent Nos. 5,771,354; 5,901,228; 6,411,943; and 7,080,051 (claim 9 only), all of which deal with off-site computer data storage. Specifically, the patents claim methods for allowing home computer users to remotely connect to an online service system for purposes of external data and program storage and additional processing capacities in exchange for a fee.

The defendants in this case are all alleged to offer services that provide online backup and storage for home or business computer users. *See* Complaint at 7-12, *Oasis Research, LLC v. ADrive LLC*, No. 4:10-cv-435 (E.D. Tex. Aug. 30, 2010), ECF No. 1. In particular, petitioners are alleged to offer online backup and storage through websites such as www.mozy.com and www.atmosonline.com (EMC); www.carbonite.com (Carbonite); backup.ironmountain.com (Iron Mountain); www.godaddy.com/gdshop/email/vsdb_landing.asp (GoDaddy); and www.idrive.com (Pro Softnet). *Id.* at 8, 9, 11, 12.

Petitioners sought orders to sever and transfer the claims against them to more appropriate venues, arguing that because there was no concert of action, the claims against them did not arise out of the same transaction or occurrence, as required by Rule 20 of the Federal Rules of Civil Procedure. Oasis argued that although the asserted "patents cover a broad range of technologies, the accused infringement in this case is limited to online backup/storage services," and that "each defendant offers a similar commercial online backup/storage service" such that "[t]he steps taken to provide those services are covered by the asserted method claims of the patents-in-suit." Plaintiff Oasis Research, LLC's Opposition to Defendants' Venue and Jurisdiction Related Motions at 1, *Oasis Research, LLC v. ADrive LLC*, No. 4:10-cv-435 (E.D. Tex. Dec. 3, 2010), ECF No. 133.

The magistrate judge found nothing improper about maintaining these claims in one action in the Eastern District of Texas, for "[c]laim validity, claim construction, and the scope of the four patents . . . are questions common to all Defendants in this case." *Oasis Research, LLC v. ADrive, LLC*, No. 4:10-CV-435, 2011 WL 3099885, at *3 (E.D. Tex. May 23, 2011). Moreover, the claims "ar[ose] out of the same transaction, occurrence, or series of transactions or occurrences," according to the magistrate judge, because the accused services were "not dramatically different." *Id.* at *2. Finally, the magistrate judge stated that "granting Defendants' motions to sever and transfer would be the division of a single action into seven different lawsuits scattered across the country." *Id.* at *4. The district court adopted these findings and conclusions. *Oasis Research, LLC v. ADrive, LLC*, No. 4:10-CV-435, 2011 WL 3103972 (E.D. Tex. July 25, 2011).

## II

### A

We first turn our attention to this court's jurisdiction. The remedy of mandamus is available in extraordinary situations "to correct a clear abuse of discretion or usurpation of judicial power." *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, *see Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (per curiam).

It is well established that mandamus is available to contest a patently erroneous error in an order denying transfer of venue. *See In re Apple, Inc.*, 602 F.3d 909 (8th Cir. 2010); *In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).

We must here address as a matter of first impression whether mandamus can be an appropriate means to test a district court's discretion in ruling on motions to sever and transfer. While transfer motions are governed by regional circuit law, *see In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1222-23 (Fed. Cir. 2011), motions to sever are governed by Federal Circuit law because joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law. We thus apply Federal Circuit law to determine the availability of mandamus, and to the underlying issue of whether the motion to sever should be granted. In other comparable circumstances we have

applied Federal Circuit law. *See, e.g., Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (meaning of "prevailing party"); *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994) (preliminary injunctions); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994) (personal jurisdiction). Application of our law is particularly appropriate since, as discussed below, Congress has recently adopted a special statute governing joinder in patent cases. Nonetheless, in developing our own law, we frequently look to the law of our sister circuits for guidance. *See, e.g., Beverly Hills Fan*, 21 F.3d at 1566-68.

We conclude that mandamus is available as a remedy. With regard to the "no other means" requirement, there is no meaningful distinction between a petitioner's seeking review of an order denying transfer because the district court clearly abused its discretion in applying the § 1404(a) factors and a petitioner's seeking review of an order denying a motion to transfer because the district court clearly abused its discretion by not severing the claim as a predicate to determining whether to transfer. In either case, a defendant would not have an adequate remedy for an improper failure to transfer or sever the case by way of an appeal from an adverse final judgment because the defendant would be unable to demonstrate "that it would have won the case had it been tried in a convenient [venue]." *In re Volkswagen*, 545 F.3d at 319 (alteration in original) (quoting *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003)).

Nor does the "clear and indisputable" requirement preclude us from issuing the writ. To be sure, Rule 21, which authorizes a district court to "sever any claim against a party," provides a district court broad discretion. Fed. R. Civ. P. 21. Just as when weighing the § 1404(a) factors, however, that discretion must be exercised within the boundaries set by relevant statutes and

precedent. *See In re Volkswagen*, 545 F.3d at 310. A district court abuses its discretion if it relies on an erroneous conclusion of law. *Id.* On mandamus review, we review for these types of errors, but we will only grant mandamus relief in extraordinary circumstances. *Id.*

Here, if joinder was improper, the petitioners will not have a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages because each defendant will have limited opportunities to present its own defense to the jury. We note that district courts have expressed similar concerns. *See, e.g.*, *WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010) ("Each defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience. In this connection, the accused defendants—who will surely have competing interests and strategies—are also entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction.").

In an analogous case, the Fifth Circuit in *In re Fibreboard Corp.*, 893 F.2d 706, 712 (5th Cir. 1990), granted mandamus to undo joinder based on procedural fairness concerns in a "mass tort" action when it was not established that "the questions of law or fact common to the members of the class predominate over any questions affecting individual members" as required by Rule 23(b)(3). The procedural safeguards pertaining to class certification do not apply here. But Rule 20's requirements are designed to prevent similar unfairness. Like the requirements of Rule 23 in class actions, Rule 20's two requirements—that the claims share "question[s] of law or fact common to all defendants," and "aris[e] out of the same transaction [or] occurrence"—help ensure that the scope of the action remains "consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

B

We turn to the issue of severance. We first note the unusual circumstances from which this petition comes before us. Recently, Congress addressed the issue of joinder in patent cases in section 19 of the Leahy-Smith America Invents Act, which was signed into law just days after this petition was filed. *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, sec. 19(d), § 299, 125 Stat. 284, 332-33 (2011) (to be codified at 35 U.S.C. § 299) (providing in relevant part that accused infringers may be joined in one action as defendants or have their actions consolidated for trial only if the allegations of infringement "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process").

While petitioners argue that joinder here would be improper under the new and old rules, they wisely refrain from arguing that the new 35 U.S.C. § 299 itself mandates this outcome. As a general rule, we do not give statutes retroactive effect "unless Congress clearly indicates its intention to do so." *Lowder v. Dep't of Homeland Sec.*, 504 F.3d 1378, 1384 (Fed. Cir. 2007). This new provision is not retroactive, applying only "to any civil action commenced on or after the date of the enactment of th[e] Act." Leahy-Smith America Invents Act § 19(e), 125 Stat. at 333. The timing of this petition means that our decision will only govern a number of cases that were filed before the passage of the new joinder provision.

When considering a motion to sever under Rule 21, "courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (applying the requirements of Rule 20 to a motion to sever under Rule 21). Defendants may

be joined in a single action only if the two independent requirements of Rule 20 are satisfied: (1) the claims against them must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). Rule 20 clearly contemplates joinder of claims arising from a "series of transactions or occurrences"—a single transaction is not required.

It is clear that where defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction-or-occurrence test is always satisfied. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curium) (noting that a joint tortfeasor is a permissive party). But the language of Rule 20 makes clear that joinder is not limited to such situations. Defendants may be joined if "any right to relief is asserted against them jointly, *severally, or in the alternative*," Fed. R. Civ. P. 20(a)(2), so an allegation of joint liability is not required.

The cases make equally clear that the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the "same transaction, occurrence, or series of transactions or occurrences." The decision of the Supreme Court in *United States v. Mississippi*, 380 U.S. 128 (1965), provides substantial guidance. In that case, the United States sued Mississippi, three election commissioners, and six county voting registrars, alleging that the defendants were acting to deny the right of black citizens to vote. *Id.* at 130. Five of the voting registrars moved for severance, and the district court held that they could not be sued jointly. *Id.* at 131. The Supreme Court, however, held that joinder was proper under Rule 20 because the registrars were engaged in a "series of transactions or occurrences." *Id.* at 142-43.

The permissibility of joining defendants who act independently is also clear from the origins of Rule 20. The advisory committee notes specifically state that Rule 20(a)(2), concerning joinder of defendants, "is derived from *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 16, r. 4," which was the English rule for joinder of defendants. Fed. R. Civ. P. 20 advisory committee note. The referenced 1937 edition of *The Annual Practice* explains that before the revision of the English joinder rules, "it was held that claims for damages against two or more defendants in respect of their several liability for separate torts could not be combined in one action." W. Valentine Ball et al., *The Annual Practice* 240 (55th ed. 1937) (citing *Sadler v. G. W. Ry. Co.*, [1896] A.C. 450 (H.L.)). The joinder rule for plaintiffs (O. 16, r. 1) was then revised in 1896 to allow joinder of claims "in respect of or arising out of the same transaction or series of transactions." *Id.* at 213. The courts held that this change also required a revised interpretation of the joinder rule for defendants. *Id.* at 240. As *The Annual Practice* stated, under the revised rule, "claims in respect of separate torts may be joined." *Id.* at 241.[1]

---

[1]   To determine when claims against different alleged patent infringers do satisfy the transaction-or-occurrence prong of Rule 20, it is appropriate to look at joinder of defendants in other tort cases because "[p]atent infringement is a tort." *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (quoting *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1365 (Fed. Cir. 2008)); *see also Carbice Corp. of Am. v. Am. Patents Dev. Corp.*, 283 U.S. 27, 33 (1931) ("Infringement, whether direct or contributory, is essentially a tort, and implies invasion of some right of the patentee.").

Based on this history, it follows that the mere fact that a case involves independent actors as defendants does not necessarily bring the case outside the scope of Rule 20. The question then is under what circumstances is the joinder of independent actors permissible under Rule 20.

In imposing both the transaction-or-occurrence requirement and the requirement of a common question of law or fact, Rule 20 makes clear that the existence of a single common question of law or fact alone is insufficient to satisfy the transaction-or-occurrence requirement. In the present context the mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity. District courts outside the Eastern District of Texas have generally agreed in cases involving patent, copyright, and trademark law.[2] So too we have previously held that

---

[2] *See, e.g., Rudd v. Lux Prods. Corp. Emerson Climate Techs. Braeburn Sys.*, No. 09-CV-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("After researching the issue, the Court determines that [the Eastern District of Texas's] approach [to Rule 20] is in the minority."); *WiAV Networks, LLC*, 2010 WL 3895047, at *2 ("[N]umerous courts have found that 'joinder is often improper where [multiple] competing businesses have allegedly infringed the same patent by selling different products.'" (second alteration in original)); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) (holding that defendants who independently infringed the same trademark are not part of the same transaction or occurrence); *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154-55 (D. Conn. 2008) (holding that defendants who independently infringed the same copyright are not part of the same transaction or occurrence).

claims of infringement of the same patent by independent parties, without more, are not part of the same transaction or occurrence for purposes of Rules 13 and 14, and are instead "new claims against new parties . . . not authorized by the joinder rules." *Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1372 (Fed. Cir. 2002). Even though the new claims in *Frank's Casing* "were based on infringement of the same patent," they did not arise out of the same transaction or occurrence because the factual overlap was insufficient. *Id.* at 1372 n.6.

As other courts have noted, the transaction-or-occurrence test of Rule 20(a) is similar to the transaction-or-occurrence test of Rule 13(a) for compulsory counterclaims, which has been construed as requiring a "logical relationship" between the claims. *See Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926) (noting that "'[t]ransaction' is a word of flexible meaning" and holding that two claims arise from the same "transaction" when there is a "logical relationship" between them); *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (holding, based on analogy to Rule 13(a), that the "transaction or occurrence" requirement of Rule 20 permits "all reasonably related claims" to be tried together); *see also Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (same), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc).

Professors Wright and Miller concluded that "[t]he logical-relationship test employed under Rule 13(a) seems consistent with the philosophy underlying the passage in Rule 20 that allows joinder of parties whenever the claims arise out of 'the same series of transactions or occurrences.'" 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1653 (3d ed. 2001). Courts have applied this "transaction or occurrence" requirement using a "case-by-case approach" based on a "flexib[le] . . . standard

[that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *Id.* The Supreme Court has stated that under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Gibbs*, 383 U.S. at 724.

Thus, independent defendants satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action. The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must *share* an aggregate of operative facts. The Supreme Court in *United States v. Mississippi*, 380 U.S. at 142-43, adopted this approach, as have several of our sister circuits. For example, in *Coughlin v. Rogers*, 130 F.3d at 1350, the Ninth Circuit stated that the "same transaction" requirement of Rule 20 "refers to similarity in the factual background of a claim." And in the Fifth Circuit, "[w]hile using the 'logical relationship' concept, [the] Circuit gives weight to whether the claim and counterclaim share an 'aggregate of operative facts.'" *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998) (quoting *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993)). The First Circuit has also adopted this "aggregate of operative facts" approach. *See Iglesias v. Mut. Life Ins. Co.*, 156 F.3d 237, 242 (1st Cir. 1998), *abrogated on other grounds by Global NAPs, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 86 n.18 (1st Cir. 2010). Similarly, in *Tank Insulation International, Inc. v. Insultherm, Inc.*, the Fifth Circuit evaluated whether two claims satisfy the transaction-or-occurrence test by considering, among other

things, whether the issues of fact and law "largely are the same" and "whether substantially the same evidence" will support or refute the claims. 104 F.3d 83, 85-56 (5th Cir. 1997) (quoting *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992)).

We think the "not dramatically different" standard used by the district court is inconsistent with these authorities. That standard seems to require little more than the existence of some similarity in the allegedly infringing products or processes, similarity which would exist simply because the same patent claims are alleged to be infringed. *See Oasis Research*, 2011 WL 3099885, at *2 (stating that "each Defendant offers an online backup/storage service to its customers that allegedly infringes Plaintiff's patents" and that "the Court finds this is sufficient to satisfy the first prong under Rule 20"). Where different products or processes were accused of infringing the same claims, the "not dramatically different" standard would inevitably be satisfied. The petitioners here point out the difficulties that would be presented by joinder of claims involving "different" products or processes, *see, e.g.*, EMC Br. at 9-10 (noting "the prejudice and potential confusion of being forced to defend claims alongside unrelated parties with different products or services and possibly different strategies"), and point to cases outside the Eastern District of Texas that have refused joinder where the products or processes are "different."[3]

---

[3]    *See, e.g.*, *EIT Holdings LLC v. Yelp!, Inc.*, No. C 10-05623, 2011 WL 2192820, at *2 (N.D. Cal. May 12, 2011) (finding joinder improper where defendants' "websites implement different functionalities, through different software, that works in different ways"); *Sorensen v. DMS Holdings, Inc.*, No. 08-cv-559, 2010 WL 4909615, at *1 (S.D. Cal. Nov. 24, 2010) ("[A]lleging a common manu-

We agree that joinder is not appropriate where different products or processes are involved. Joinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent. But the sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the "same transaction." Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

---

facturer and infringement of the same patent is not enough to support joinder where defendants are unrelated companies, selling different products."); *Children's Network, LLC v. PixFusion LLC*, 722 F. Supp. 2d 404, 415 (S.D.N.Y. 2010) ("Joinder of unrelated parties into one action is generally inappropriate where, as here, the infringement of the same patent is alleged, but the products are different."); *N.J. Mach. Inc. v. Alford Indus., Inc.*, No. 89-1879, 1991 WL 340196, at *2 (D.N.J. Oct. 7, 1991) (finding joinder of "claims of infringement against unrelated defendants, involving different machines" improper where "the plaintiff fails to adequately allege or support any connection or substantial similarity between the machines of the proposed defendants").

In addition to finding that the same product or process is involved, to determine whether the joinder test is satisfied, pertinent factual considerations include whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits. The district court enjoys considerable discretion in weighing the relevant factors.[4]

In exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only "a common question of law or fact." Fed. R. Civ. P. 42(a); *see* 9A Wright et al., *supra*, § 2382 ("[T]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions."). Common pretrial issues of claim construction and patent invalidity may also be adjudicated together through the multidistrict litigation procedures of 28 U.S.C. § 1407. *See, e.g.*, *In re Cruciferous Sprout Litig.*,

---

[4] As discussed above, we do not decide today whether the new joinder provision at 35 U.S.C. § 299 changes the test for joinder of defendants in patent infringement actions, and our approach to the new provision is not dictated by this case. The new statue only allows joinder of independent defendants whose acts of infringement involve "the *same* accused product or process." *Id.* § 299(a)(1) (emphasis added). We need not decide whether the sameness test in the new legislation is identical to the sameness test we adopt here for cases not covered by the new legislation.

301 F.3d 1343 (Fed. Cir. 2002) (affirming grant of summary judgment of patent invalidity in consolidated cases involving the same three patents).  On the other hand, even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."  *Acevedo*, 600 F.3d at 521 (citations omitted).  In a complicated patent litigation a large number of defendants might prove unwieldy, and a district court would be justified in exercising its discretion to deny joinder "when different witnesses and documentary proof would be required."  *Id.* at 522.

## C

Since the district court here applied an incorrect test, the district court's ruling must be set aside, and the issues of severance and joinder considered under the proper standard.  We therefore grant the petition to the limited extent that we vacate the district court's order denying the motions to sever and transfer, and direct the district court to reconsider those motions in light of the correct test.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is granted.

(2) Carbonite, Iron Mountain, GoDaddy, and Pro Softnet's motions to join EMC's petition are also granted to the extent that the district court is directed to reconsider their motions in light of the correct test.

FOR THE COURT

May 4, 2012          /s/ Jan Horbaly
Date                      Jan Horbaly
                             Clerk